# United States Court of Appeals
## For the First Circuit

No. 25-1132

JUSTYNA JENSEN,

Plaintiff, Appellant,

v.

RHODE ISLAND CANNABIS CONTROL COMMISSION; and KIMBERLY AHERN, in
the official capacity,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Melissa R. DuBose, U.S. District Judge]

Before

Gelpí, Lynch, and Howard,
Circuit Judges.

Jeffrey M. Jensen on brief for appellant.

Chelsea Baittinger, Special Assistant Attorney General, Rhode
Island, and Peter F. Neronha, Rhode Island Attorney General, on
brief for appellees.

November 25, 2025

**LYNCH**, **Circuit Judge**.        Justyna   Jensen,   a California-based cannabis entrepreneur who has partnered with others in that business in several states, brought suit challenging as violations of the dormant Commerce Clause and Equal Protection Clause two requirements stated on the face of the Rhode Island Cannabis Act ("Act"), R.I. Gen. Laws § 21-28.11-1, et seq. Those requirements are that (1) applicants for all retail cannabis business licenses must be Rhode Island residents or business entities with a principal place of business in Rhode Island and in which at least fifty-one percent of equity is held by Rhode Island residents, and (2) applicants must meet certain criteria to qualify as a "social equity applicant" eligible for a subset of these retail licenses.  Id. §§ 21-28.11-3(3), (39).

We hold that the district court erroneously dismissed this case on ripeness grounds, that these claims are not moot, and that plaintiff Jensen has standing.  The district court's error has delayed the consideration of the merits of these serious challenges.  See Ne. Patients Grp. v. United Cannabis Patients & Caregivers of Me., 45 F.4th 542, 544 (1st Cir. 2022) (invalidating state medical cannabis retail licensing requirements found to violate the dormant Commerce Clause); see also Variscite NY Four, LLC v. N.Y. State Cannabis Control Bd., 152 F.4th 47, 53, 64 (2d Cir. 2025) (invalidating state recreational cannabis retail, including social equity, licensing requirements found to violate

- 2 -

the dormant Commerce Clause).  We reverse and remand for prompt consideration and resolution of the merits of plaintiff's claims of unconstitutionality of the Act and of her claims for declaratory and injunctive relief against enforcement of the challenged provisions.  We instruct the district court to issue its rulings on both merits and remedies at least forty-five days before the date on which the Rhode Island Cannabis Control Commission ("Commission") intends to issue retail licenses pursuant to the Act.[1]

## I.

## A.

The Rhode Island Legislature passed the Act, and the Governor signed it into law, on May 25, 2022, legalizing recreational marijuana use for adults statewide.  The Act created the Commission to, inter alia, oversee the licensing of retail cannabis businesses, R.I. Gen. Laws § 21-28.11-4(a), and authorizes it to grant twenty-four "retail licenses" for operating a commercial establishment that sells non-medical cannabis products, id. §§ 21-28.11-10.2(a); 21-28.11-2(a); 21-28.11-3(16).  The Act divides the state into six geographic zones, id. § 21-

---

[1] There is a companion case also raising a dormant Commerce Clause challenge to the Act, Kenney v. Rhode Island Cannabis Control Commission (No. 25-1173).  The district court also dismissed that case on ripeness grounds.  We address that appeal in a companion opinion issued on the same date as this one.

28.11-10.3, and mandates that each zone is eligible for a maximum of four licenses, id. § 21-28.11-10.2(a)(2). It further mandates that one license in every geographic zone -- six in total, or twenty-five percent of the total available licenses -- "shall be reserved for a social equity applicant" ("social equity licenses"). Id. § 21-28.11-10.2(a)(3)(ii).

The Act sets out several "[m]inimum qualifications" defining who may be applicants eligible to receive a retail cannabis license and those eligible to receive the subset of licenses reserved for social equity applicants. Id. §§ 21-28.11-10.2(b); 21-28.11-3(39). Plaintiff challenges two aspects of these qualifications.

The first challenge is to the Act's requirement that every "applicant" for a "license . . . to own or engage in a cannabis business" must be "a Rhode Island resident or a business entity with a principal place of business located in Rhode Island . . . and in which fifty-one percent (51%) of the equity in the business entity is owned by residents of Rhode Island" ("residency requirement"). Id. § 21-28.11-3(3); see also id. § 21-28.11-10.2(b)(2) (minimum qualification for a retail license includes "[p]rovid[ing] proof that the applicant is . . . a resident of the state").

The second challenge is to the Act's mandate that "[s]ocial equity applicant[s]" meet "at a minimum" one of five

- 4 -

specified qualifying criteria, two of which plaintiff challenges. Id. § 21-28.11-3(39). One challenged qualifying criterion is that "at least fifty-one percent (51%) ownership and control" be "by one or more individuals who: (A) [h]ave been arrested for, convicted of, or adjudicated delinquent for any offense that is eligible for expungement under this chapter; or (B) [i]s a member of an impacted family" ("social equity expungable-offense qualifier"). Id. § 21-28.11-3(39)(ii) (emphasis added). A "member of an impacted family," in turn, is an individual whose "parent, legal guardian, child, spouse, or dependent," or someone of whom the individual "was a dependent," was "arrested for, charged with, convicted of, or adjudicated delinquent for any offense that is eligible for expungement under this chapter." Id. § 21-28.11-3(34) (emphasis added). The Act added a section to the Rhode Island Criminal Procedure Title to define the offenses eligible for expungement: "Any person with a prior civil violation, misdemeanor or felony conviction for possession only of a marijuana offense that has been decriminalized subsequent to the date of conviction shall be entitled to have the civil violation or criminal conviction automatically expunged . . . ." Id. § 12-1.3-5.

Another challenged criterion for qualifying as a social equity applicant is that "at least fifty-one percent (51%) ownership and control" be "by one or more individuals who have

resided for at least five (5) of the preceding ten (10) years in a disproportionately impacted area" ("social equity disproportionately impacted area qualifier"). Id. § 21-28.11-3(39)(i). The Act requires that the Commission determine areas that qualify as disproportionately impacted, and mandates that those areas meet at least one of five minimum criteria, some of which are relative to Rhode Island[2] and others of which could apply to other areas of the United States.[3]

**B.**

Plaintiff Justyna Jensen is a cannabis entrepreneur who filed a declaration under penalty of perjury saying she "intend[s] to apply for a Rhode Island retail dispensary cannabis license," that she "ha[s] applied for retail dispensary cannabis licenses in other [unspecified] states," that she has "served as the social equity applicant in one jurisdiction," and that she has partnered with "a persons [sic] who qualified as a social equity applicant" in another jurisdiction.

Jensen, who is a citizen of California and who does not reside in Rhode Island, brought suit on May 15, 2024, against the

---

[2] See, e.g., R.I. Gen. Laws § 21-28.11-3(23)(v)(A) ("The area has disproportionately high rates of arrest, conviction, and incarceration related to . . . cannabis in comparison to other communities and localities in the state." (emphasis added)).

[3] See, e.g., id. § 21-28.11-3(23)(i) ("The area has a poverty rate of at least twenty percent (20%) according to the latest federal decennial census.").

Commission and Kimberly Ahern, the Commission's director. Jensen alleged that the provisions of the Act's licensing scheme described above -- the residency requirement, the social equity expungable-offense qualifier,[4] and the social equity disproportionately impacted area qualifier -- "violate the dormant Commerce Clause by favoring Rhode Island residents over nonresidents." She further alleges that the social equity disproportionately impacted area qualifier violates the Equal Protection Clause. She sought relief to prevent enforcement of these allegedly unconstitutional requirements.

Jensen moved for a preliminary injunction on June 10, 2024, and requested a prompt hearing. On July 22, 2024, defendants filed their opposition to the preliminary injunction on the merits, a motion to dismiss, and memoranda in support of both. Defendants did not contend that the merits of the case turned on any disputed issues of fact and treated the claims as ones to be determined as matters of law. In support of their motion to dismiss, defendants argued that Jensen lacked standing and that her claims were not ripe. The parties completed briefing on their competing motions on September 17, 2024. The district court did not act on any of these motions for almost five months. The Commission released its

---

[4] Plaintiff alleges that "only persons with Rhode Island convictions can qualify" under this provision.

- 7 -

proposed rules and regulations regarding retail cannabis licenses on January 8, 2025.

On February 6, 2025, without holding a hearing on either motion, the district court issued a one-paragraph text order that "conclude[d] the Plaintiff's claims are not ripe for judicial review." The district court followed this conclusion with citations to three cases, but without any analysis as to the relevance of those cases: "See Ernst & Young v. Depositors Econ[.] Prot[.] Corp., 45 F.3d 530, 535-37 (1st Cir. 1995); McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63, 70 (1st Cir. 2003); see also Operation Clean Gov[']t v. R[.I.] Ethics Comm'n, 315 F. Supp. 2d 187, 195-96 (D.R.I. 2004)." The order noted that the Commission "ha[d] yet to promulgate [final] rules and regulations pertaining to retail cannabis business licenses" and stated that it "cannot and will not speculate as to when the proposed rules and regulations will be promulgated [as final] or when the application period for retail cannabis licenses will open." The order was issued one day before the public comment period on the Commission's proposed retail cannabis license rules and regulations closed, as planned, on February 7, 2025.

The district court entered judgment dismissing the action without prejudice, and Jensen timely appealed to this court. On May 1, 2025, the Commission adopted final rules and regulations for "Cannabis Establishment Applications, Licensing and Renewals,"

560 RICR-10-10-1. The final rules and regulations incorporate the Act's definition of "Applicant," which contains the challenged residency requirement. Id. § 1.2(A)(2) ("'Applicant' means as defined in R.I. Gen. Laws § 21-28.11-3(3)."). The final rules and regulations' definition of "Approved social equity applicant" also incorporates the Act's definition of a social equity applicant, which contains the challenged social equity expungement-eligible offense and disproportionately impacted area qualifiers. Id. § 1.2(A)(3) ("'Approved social equity applicant' means a social equity applicant as defined in R.I. Gen. Laws § 21-28.11-3(39) who has submitted a social equity status certification application to the Commission and following review and certification of said application has been approved as a social equity applicant."). These definitions were unchanged between the proposed rules and regulations and the final rules and regulations.

In their response brief to this court, filed after the Commission promulgated final rules and regulations, defendants argued that this appeal is moot given the now-final rules and regulations and that the district court correctly dismissed plaintiffs' claims as unripe at the time of order. They also renewed the argument from their district court filings that Jensen lacked standing. Jensen contested all three points in her reply brief.

Our review of the district court's grant of the motion to dismiss is de novo. See Reddy v. Foster, 845 F.3d 493, 501 (1st Cir. 2017).

"The doctrines of standing and ripeness 'originate' from the same Article III limitation," Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157 n.5 (2014) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 335 (2006)), and indeed "standing and ripeness issues in [a] case [can] 'boil down to the same question,'" id. (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 128 n.8 (2007)). In both the standing and ripeness inquiries here, we ask "whether the harm asserted has matured sufficiently to warrant judicial intervention." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 10 n.5 (1st Cir. 2012) (quoting Warth v. Seldin, 422 U.S. 490, 499 n.10 (1975)).

Ripeness is a "doctrine[] of justiciability . . . originating in the case[ ]or[ ]controversy requirement of Article III." Trump v. New York, 592 U.S. 125, 131 (2020). In general terms, "[r]ipeness analysis has two prongs: 'fitness' and 'hardship.'" Penobscot Nation v. Frey, 3 F.4th 484, 509 (1st Cir.

2021) (en banc) (alteration in original) (quoting Reddy, 845 F.3d at 501).  We hold that Jensen's claims were ripe.

Her claims satisfy the "fitness" prong of ripeness, which "implicates both constitutional and prudential justiciability concerns." Algonquin Gas Transmission, LLC v. Weymouth, 919 F.3d 54, 62 (1st Cir. 2019).  The constitutional component of the fitness prong asks "'whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all,' thus rendering any opinion we might offer advisory."  Id. (quoting Ernst & Young, 45 F.3d at 536).  Here, Jensen's claims do not depend on uncertain and contingent events which may or may not occur because her challenges are to provisions of the Act.  She sought prospective injunctive and declaratory relief to prevent the Commission from enforcing the statute against her.  The fact that the Commission had not yet promulgated final rules and regulations implementing these challenged provisions did not mean that the eventual promulgation was an uncertain or contingent event, and it did not render the case not ripe.  It is the text of the Act itself that restricts applicants to Rhode Island residents and Rhode Island majority-owned business entities and sets the definition of a "social equity applicant."  R.I. Gen. Laws §§ 21-28.11-3(3), (39).  The Commission's licensing rules and regulations had to conform to the same restrictions challenged in the statute, and the Commission has not argued otherwise.  See In

re Advisory Op. to Governor, 627 A.2d 1246, 1248 (R.I. 1993) ("It is a well-established principle of administrative law that agencies are a product of the enabling legislation that creates them."). Because Jensen must be excluded from obtaining a retail license under any scheme implemented by defendants under the Act, the parties clearly have "adverse legal interests[] of sufficient immediacy and reality" to find Jensen's claim ripe. Rhode Island v. Narragansett Indian Tribe, 19 F.3d 685, 693 (1st Cir. 1994) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). In such a situation, "a litigant 'does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending that is enough.'" Id. (quoting Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 201 (1983)).

Here, the prudential component of the fitness prong is also satisfied, as it appears that resolution of Jensen's claims, which are facial challenges to the constitutionality of the Act's provisions, "turns on 'legal issues not likely to be significantly affected by further factual development.'" Algonquin, 919 F.3d at 62 (quoting Ernst & Young, 45 F.3d at 536); accord Roman Cath. Bishop of Springfield v. City of Springfield, 724 F.3d 78, 92-93 (1st Cir. 2013) (holding that the plaintiff's challenges to the enactment of a city ordinance were ripe because "the[] challenges rest solely on the existence of the [o]rdinance[] [and] no further

- 12 -

factual development is necessary"); Riva v. Massachusetts, 61 F.3d 1003, 1010 (1st Cir. 1995) (holding plaintiff's challenge to a statute that would cause him future harm was ripe "[g]iven the relative certainty of the statute's application[] [and] the purity of the legal issue presented").

As we noted in Narragansett, we can look to "whether granting relief would serve a useful purpose, or, put another way, whether the sought-after declaration would be of practical assistance in setting the underlying controversy to rest" to decide whether the hardship prong of ripeness is satisfied. 19 F.3d at 693. There is no doubt of the practical usefulness of a decision on Jensen's claims. Jensen faces concrete compliance costs in the very act of preparing a doomed license application under Rhode Island's licensing scheme. We describe examples of such costs below in rejecting defendants' lack of standing arguments. It is not consistent with Narragansett to force Jensen to incur these costs to prepare a futile application. A court decision will allow Jensen "to make responsible decisions about the future" in seeking a retail cannabis license in Rhode Island and making the requisite investments to secure such a license should she be eligible. See Retail Indus. Leaders Ass'n v. Fielder, 475 F.3d 180, 186-88 (4th Cir. 2007) (holding plaintiffs' claim challenging a statute was ripe although the agency had not yet promulgated implementing

regulations, in part because plaintiffs needed to plan and prepare in case the statute's challenged provisions were upheld).

Further, there is a hardship in the foreseeable problems that would arise if licenses were issued and afterwards a court found the statute's residency and social equity requirements were unconstitutional. There would be considerable remedial issues in such a situation, including the scope and breadth of any injunctive or declaratory relief and equitable considerations as to those who were granted licenses. The Commission and its director, as well as other applicants, thus also have a strong interest in the prompt resolution of these merits questions.[5]

The three cases cited, without analysis, in the district court's order are easily distinguishable and do nothing to undermine our conclusion that Jensen's case was and is ripe for judicial review. The first case cited was our 1995 opinion in Ernst & Young. In that case, we held that a constitutional challenge to a state law was not ripe as the law would only cause injury to plaintiff if seven events in a "lengthy chain of speculation as to what the future has in store" -- including specific outcomes in pending litigation and the initiation of

---

[5] The parties dispute whether the hardship prong of the ripeness test is still applicable after the Supreme Court's decision in Susan B. Anthony List, 573 U.S. 149, and Trump v. New York, 592 U.S. 125. We need not address that issue here, as we conclude the prong is satisfied.

future litigation -- came to pass.  45 F.3d at 538.  In the second case, McInnis-Misenor, we held that an ADA challenge to a Maine medical facility was not ripe because "[l]ike the situation in Ernst & Young," the impending nature of the injury "[wa]s contingent on several events which may or may not happen."  319 F.3d at 72.  No such chain of speculation or contingencies were present here.  Nor could the district court rely on a District of Rhode Island case, the third cited case, rather than controlling Supreme Court and First Circuit precedent.  In any event, that case, Operation Clean Government, found that plaintiff's claim was unripe in the "absence of a concrete factual situation placing the facial constitutionality of the [challenged statute] at issue," and "[wa]s dependent on so many different factual contingencies that it may never occur."  315 F. Supp. 2d at 195.

## III.

We also dispose of defendants' other jurisdictional challenges: mootness and standing.  The mootness argument is entirely dependent on the correctness of the district court's ripeness ruling and fails for the same reasons.  We reject defendants' argument that plaintiff lacks standing.  Although the district court did not reach the issue, we may do so here.  See Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation."); see

- 15 -

also <u>Singleton</u> v. <u>Wulff</u>, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases.").

There are "three elements" that constitute the "'irreducible constitutional minimum' of standing," which are that "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." <u>Spokeo, Inc.</u> v. <u>Robins</u>, 578 U.S. 330, 338 (2016) (quoting <u>Lujan</u> v. <u>Defs. of Wildlife</u>, 504 U.S. 555, 560 (1992)). "The '[f]irst and foremost' concern in standing analysis," and the requirement that defendants argue Jensen does not satisfy, "is the requirement that the plaintiff establish an injury in fact." <u>Reddy</u>, 845 F.3d at 500 (alteration in original) (quoting <u>Spokeo</u>, 578 U.S. at 338). "To satisfy Article III, the injury 'must be concrete and particularized and actual or imminent, not conjectural or hypothetical.'" <u>Id.</u> (some internal quotation marks omitted) (quoting <u>Susan B. Anthony List</u>, 573 U.S. at 158).

Many of the reasons articulated as to why this case is ripe also go to why Jensen has standing. As explained above, Jensen alleges she is certain to be ineligible to receive a Rhode Island retail cannabis license under the text of the Act. All

parties would face needless burdens if the courts do not address the merits before licenses are issued.

Defendants argue that Jensen lacks standing because they say she is not "able and ready" to apply for a retail cannabis license. Defendants are incorrect that Jensen lacks standing to challenge the constitutionality of the Act unless she has taken further steps "to be eligible to apply, such as the purchase or lease of real estate with full zoning approval for the proposed cannabis establishment license, background checks, business disclosures, and plans pertaining to safety, security, and operations. 560-RICR-10-10-1 § 1.3.1." Jensen is not required to incur these concrete costs to prepare an allegedly doomed application.

Defendants attempt to ground this challenge in cases where the plaintiff sought to challenge an allegedly discriminatory government contract bidding schemes, and in which the Supreme Court has held "the 'injury-in-fact' is the inability to compete on an equal footing in the bidding process, not the loss of contract." Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. Jacksonville, 508 U.S. 656, 666 (1993). Contrary to defendants' arguments, the party challenging the scheme "can show [injury] only if he is 'able and ready' to apply," Carney v. Adams, 592 U.S. 53, 60 (2020) (some internal quotation marks omitted) (quoting Gratz v. Bollinger, 539 U.S. 244, 262 (2003)), but "a

- 17 -

plaintiff need not 'translat[e ]' his or her 'desire . . . into a formal application' where that application would be merely a 'futile gesture,'" id. at 66 (alteration and omission in original) (quoting Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 365-66 (1977)).[6]

We hold that Jensen has sufficiently alleged she is "able and ready" to apply for a Rhode Island retail cannabis license. Jensen is a cannabis entrepreneur who has applied for retail cannabis licenses in multiple other jurisdictions, including in partnership with other applicants. She seeks to apply for a license in Rhode Island, but the statute on its face allegedly makes her ineligible to receive a license. She is not required to "engage in . . . futile gesture[s]" to establish standing. Teamsters, 431 U.S. at 366.

Defendants' argument that Jensen is not "able and ready" to apply mistakenly relies on Carney, 592 U.S. 53. Carney was a "highly fact-specific case" where plaintiff Carney was not "able and ready" to apply for a state court judgeship because the evidence on the summary judgment record showed plaintiff had never applied for a judgeship before and was uninformed about how to do

---

[6] Defendants offer no reason why we should not apply the standing principles outlined in Jacksonville -- a case involving a race-based equal protection claim -- to Jensen's residence-based dormant Commerce Clause claim. Indeed, they invite us to apply Jacksonville and Gratz's able-and-ready framework.

so.  Id. at 63.  Further, the record showed Carney had come out of retirement only after contacting the author of a law review article arguing the unconstitutionality of those requirements to say he would "like to pursue this."  Id. at 62.  Jensen, in contrast, has already applied for retail cannabis licenses in multiple jurisdictions, including through partnerships with other applicants, demonstrating her ability to apply in Rhode Island.

**IV.**

We **reverse and remand** for prompt consideration and resolution of the merits of plaintiff's claims of unconstitutionality of the Act and her claims for declaratory and injunctive relief against enforcement of the challenged provisions.  The district court's erroneous reasoning has delayed resolution of the complex merits issues in this case.  We instruct the district court to issue its rulings on both merits and remedies at least forty-five days before the date on which the Commission intends to issue retail licenses pursuant to the Act.

So ordered.